UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 21-02909-hb |
| THE MUFFIN MAM, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**ORDER MODIFYING AUTOMATIC STAY**

THIS MATTER comes before the Court upon Pinnacle Bank's *Motion for Relief from Automatic Stay* filed on November 23, 2021 (Docket No. 11, the "Motion"). Upon request of Pinnacle Bank and based upon a sufficient showing of extraordinary circumstances, an emergency hearing on the motion was held on November 30, 2021 (see Docket No. 13). Service of the Motion was made as set forth in the Certificate of Service filed therewith (see Docket No. 14). No objections to the Motion were filed prior to the objection deadline or presented at the hearing on the Motion[1]. Based upon the Motion and a review of the record, the Court finds and concludes as follows:

1.On November 9, 2021 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

2.As set forth in the Motion, Pinnacle Bank ("Lender") asserts claims against the Debtor pursuant to that certain Bond Purchase and Loan Agreement dated as of March 1, 2019 (as the same have been or may be amended, supplemented, extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Bond Purchase Agreement") and Revolving Credit Note dated as of March 15, 2019 (as the same have been or may be amended, supplemented,

---

[1] CSC Leasing Co. filed its Limited Response to and Reservation of Rights Regarding Pinnacle Bank's Motion for Relief from The Automatic Stay on November 30, 2021 (Doc. No. 23), in which it expressly did not object or oppose the Motion.

extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Note") in the prepetition amounts of $9,695,107.92 and $4,010,444.44, respectively, resulting in total prepetition claims by Lender against the Debtor of not less than $13,705,552.36.

3. As further set forth in the Motion, Lender asserts that its claims under the Bond Purchase Agreement and the Note are secured by a security interest granted pursuant to that certain Credit and Security Agreement dated as of March 15, 2019 (as the same have been or may be amended, supplemented, extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Credit Agreement") between Lender and the Debtor, pursuant to which the Debtor granted Lender blanket liens on all the Debtor's personal property (collectively, the "Collateral"), including but not limited to all of the Debtor's:[2] (a) Accounts, (b) Chattel Paper, (c) Documents, (d) Instruments, (e) Inventory, (f) General Intangibles, (g) Equipment, (h) Fixtures, (i) Deposit Accounts, (j) Goods, (k) Letter of Credit Rights, (l) Supporting Obligations, (m) Investment Property, (n) Commercial Tort Claims, (o) Property in Lender's possession, (p) Closing Date Acquisition Documents, and (q) Proceeds of the foregoing.

4. Pursuant to the Motion, Lender seeks relief from the automatic stay as to the Collateral under 11 U.S.C. §§ 362(d)(1) and (2) so that it may exercise its remedies available under non-bankruptcy law. Lender further requests that the stay imposed by Fed. R. Bankr. P. 4001(a)(3) not apply to the relief granted herein.

5. At the hearing on the Motion, counsel for Lender advised the Court that the Motion had been resolved, and that the other parties in interest had agreed not to oppose the relief sought upon the following conditions:

---

[2] Capitalized terms not otherwise defined have the same meaning as in the Credit Agreement, a copy of which was attached to the Motion as Exhibit C.

    a. Lender shall waive any unsecured deficiency claim it may have against the Debtor which results following disposition of the Collateral; and

    b. The relief provided by this Order shall be without prejudice to the rights, claims, and defenses of CSC Leasing Co. ("CSC") regarding any personal property, equipment, and other property alleged to be leased by CSC to the Debtor (the "CSC Leased Equipment"[3]) pursuant to that certain master equipment lease, agreement number 2020041 dated April 1, 2020 executed by and between CSC and the Debtor (the "Master Lease"). Nothing in this Order, or the relief granted and authorized by this Order, shall be deemed to impair, prejudice, abrogate, enhance, and/or otherwise affect CSC's and the Lender's—or any other party in interest's or creditor's—rights, claims, and/or interests, if any, in the CSC Leased Equipment and the proceeds thereof, including, without limitation, the extent to which the CSC Leased Equipment, and its proceeds, may comprise a portion of the Collateral. CSC's and Lender's respective rights, claims, and/or interests in the CSC Leased Equipment, and any other items of Collateral, are expressly preserved, including, without limitation, as to the priority of any liens, encumbrances, claims, and/or security interests in the Collateral and/or the CSC Leased Equipment, and the proceeds thereof; and

    c. The relief provided by this order shall be without prejudice to the rights and/or claims of any holder of asserted reclamation claims under 11 U.S.C. § 546(c) with respect to goods sold to the Debtor within 45 days of the Petition Date ("Reclamation Claims"), and nothing in this Order shall be deemed to impair, prejudice, abrogate, enhance, and/or otherwise affect any such party's rights, claims, or interest in any Reclamation Claims, with all rights, claims, and/or interests in any Reclamation Claims being expressly preserved, including, without limitations, the priority of any liens, encumbrances, claims, and/or security interests in the Reclamation Claims; and

    d. The relief provided by this Order shall be without prejudice to the rights, claims, and defenses of American Services, Inc. and its wholly owned subsidiary ACI Janitorial, LLC (collectively, American Services, Inc. and ACI Janitorial, LLC are hereafter referred to as "ACI") regarding any personal property, equipment, or other property asserted to be owned by ACI which is currently located on Debtor premises (the "ACI Equipment"). ACI asserts that the ACI Equipment includes but is not limited to (1) a Tennant Riding Scrubber, (2) an ICE walk behind floor scrubber, (3) a Wet Vacuum, (4) Kaivac Pressure Wash/Wet Vacuum combo Machine, (5) a Backpack Vacuum, and (6) miscellaneous cleaning supplies. Nothing in this Order, or the relief granted and authorized by this Order, shall be deemed to impair, prejudice, abrogate, enhance, and/or otherwise affect ACI's or

---

[3] CSC asserts that the CSC Leased Equipment includes, without limitation, the following items: (a) a Douglas brand pan washer; (b) Engineered Handling, Inc. brand high flow freezer racks; (b) Cat Tech brand security system accessories and related parts; (c) a Food Tools brand cake slicer; (d) an ID Technology brand labeling machine and related accessories; (e) two Midmeki brand x-ray food inspection machines and related parts; and (f) a Veropak, Ltd. brand paper case dispenser.

>  Lender's (or any other party or creditor's) rights, claims, and/or interest in the ACI Equipment.

6. Lender has also agreed to waive any claim arising under 11 U.S.C. §§ 503(b) or 507(b) as a result of this Order and, subject to Paragraph 5(b) of this Order, will turn over to the Trustee any funds realized from disposition of the Collateral in excess of all liens, costs, and expenses.

It is therefore, ORDERED that the automatic stay is lifted as to the Collateral upon the terms and conditions set forth hereinabove so that Lender may exercise its remedies available under non-bankruptcy law with respect to the Collateral. It is further ORDERED that, in the absence of any objection to the Motion, the stay imposed by Fed. R. Bankr. P. 4001(a)(3) shall not apply to the relief granted herein.

AND IT IS SO ORDERED.