UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 21-02909-hb |
| THE MUFFIN MAM, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**OBJECTION TO CREATIVE BAKERY SOLUTIONS, LLC'S
(A) NOTICE OF RECLAMATION AND
(B) AMENDED MOTION FOR RELEIF FROM THE AUTOMATIC STAY**

NOW COMES, Pinnacle Bank ("Pinnacle"), a creditor and party in interest in the above-captioned proceeding, by and through its undersigned attorneys, and hereby objects to (a) the *Notice of Reclamation of Creative Bakery Solutions* (Dkt. No. 39, the "Notice") and (b) Creative Bakery Solutions, LLC's ("Creative Bakery's") *Amended Motion for Relief from the Automatic Stay* (Dkt. No. 42, the "Motion"). As set forth in more detail below, Pinnacle—which is the Debtor's senior secured lender—objects to any attempt by Creative Bakery to take possession of any portion of Pinnacle's collateral, which is subject to Pinnacle's senior blanket lien. In support of its objection, Pinnacle states as follows:

**BACKGROUND**

1. Prior to the Petition Date (as defined below), the Debtor was a manufacturer of baked goods, operating from a leased facility in Simpsonville, South Carolina.

2. On November 9, 2021 (the "Petition Date"), the Debtor filed a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").[1] John K. Fort (the "Trustee") has been appointed as the chapter 7 trustee in the Debtor's case.

---

[1] Subsequent references to the Bankruptcy Code are by section number only.

CHARLESTON\835986v1

3. Pinnacle holds claims against the Debtor pursuant to that certain Bond Purchase and Loan Agreement dated as of March 1, 2019, (as the same have been or may be amended, supplemented, extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Bond Purchase Agreement") and Revolving Credit Note dated as of March 15, 2019, (as the same have been or may be amended, supplemented, extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Note"). Copies of the Bond Purchase Agreement and the Note are attached hereto as Exhibits A and B, respectively.

4. As of the Petition Date, the payoff due Pinnacle under the Bond Purchase Agreement was not less than $9,695,107.92 and payoff under the Note was $4,010,444.44, resulting in total prepetition claims by Pinnacle against the Debtor of not less than $13,705,552.36.

5. The Bond Purchase Agreement and the Note are each subject to that certain Credit and Security Agreement dated as of March 15, 2019, (as the same have been or may be amended, supplemented, extended, restated, replaced, amended and restated or otherwise modified from time to time, the "Credit Agreement") between Pinnacle and the Debtor, a copy of which is attached hereto as Exhibit C.

6. The Credit Agreement provides, among other things, for the Debtor's obligations under the Bond Purchase Agreement and the Note to be secured by a lien on all personal property of the Debtor, including but not limited to the Debtor's equipment, fixtures, inventory, goods, deposit accounts, and accounts receivable (the "Collateral").

7. Pinnacle's security interest in the Collateral was perfected by the filing of the following with the South Carolina Secretary of State: (a) a UCC-1 financing statement filed on July 17, 2018; (b) a UCC-3 financing statement amendment filed on July 18, 2018; and (c) a UCC-

1 financing statement filed on March 15, 2019. Copies of the UCC filings are attached as <u>Exhibit D</u>.

8. By any measure, Lender's claims against the Debtor—which total at least $13.7 million—are substantially undersecured. Lender obtained an appraisal, a copy of which is attached as <u>Exhibit E</u>, effective as of the Petition Date which estimates the orderly liquidation value of the Debtor's physical assets at $2,560,000.00, and records furnished by the Debtor, copies of which are attached as <u>Exhibit F</u>, indicate that the value of the Debtor's prepetition accounts receivable were approximately $1,630,000.00.

9. On November 23, 2021, Pinnacle moved for relief from the automatic stay as to its Collateral (Dkt. No. 11) and for an expedited hearing on its motion (Dkt. No. 12). In accordance with the Court's order (Dkt. No. 13) granting an expedited hearing on Pinnacle's motion, notice of Pinnacle's motion and the order granting expedited hearing were served on Creative Bakery's counsel in Colorado, Rene Capron, via email on November 23 (see Dkt. No. 14).

10. An expedited hearing was held on Pinnacle's motion on November 30, 2021, and an order granting Pinnacle's motion (Dkt. No. 28) was entered on the same date.

11. On December 3, 2021, Creative Bakery filed the Notice, which pursuant to 11 U.S.C. § 546(c) requests an order allowing Creative Bakery to reclaim certain goods sold and delivered to the Debtor on credit during the forty-five days prior to the Petition Date (as defined in the Notice, the "<u>Goods</u>").

12. On December 7, 2021, Creative Bakery filed the Motion, which requests relief from the automatic stay so that it can reclaim the Goods.[2]

---

[2] Creative Bakery filed a prior version of the Motion on December 6, 2021 (Dkt. No. 41). To the extent required, Pinnacle's objection extends to the original version of the Motion as well.

13. The Certification of Facts accompanying the Motion states, among other things, that the Senior Liens on the Goods are "None."

## OBJECTION

To the extent that Creative Bakery asserts that its reclamation interest in the Goods are in any way superior to Pinnacle's blanket lien, Pinnacle objects, as any such position is completely inconsistent with the clear provisions of both the Uniform Commercial Code and the Bankruptcy Code.

11 U.S.C. § 546(c) explicitly recognizes that the rights of reclamation creditors are "subject to the prior rights of a holder of a security interest in such goods." 11 U.S.C. § 546(c); *Whirlpool Corp. v. Hhgregg, Inc. (In re Hhgregg, Inc.)*, 578 B.R. 814, 819 (Bankr. S.D. Ind. 2017) ("As amended, § 546(c)(1) explicitly renders an otherwise valid reclamation claim under state law subordinate to a secured creditor's prior lien rights"); *In re Circuit City Stores, Inc.*, 441 B.R. 496, 509 (Bankr. E.D. Va. 2010) (holding that § 546(c) makes it clear that reclamation claims are subordinate to the prior rights of a holder of a security interest in the subject goods); Lawrence Ponoroff, *Reclaim This! Getting Credit Seller Rights in Bankruptcy Right*, 48 U. Rich. L. Rev. 733, 754 ("the case law under former section 546(c) holding that the reclamation claim is subject to a prior security interest that attaches to the goods is expressly codified"). In addition, 11 U.S.C. § 546(h) recognizes that the rights of a debtor that seeks to return goods that are the subject of a reclamation claim are similarly subject to the rights of a secured creditor holding a prior perfected security interest in those goods. 11 U.S.C. § 546(h) (trustee's right to return goods shipped to debtor prior to filing of case "subject to the prior rights of holders of security interests in such goods or the proceeds of such goods").

This statutory recognition is a Congressional effort to clarify the rights and priorities of the competing claims of reclamation creditors and the holders of prior perfected security interests in the same goods. A secured lender who holds a floating lien on the debtor's property holds a secured interest in all of the debtor's inventory such that "a reclaiming seller is entitled to a lien or administrative expense claim only to the extent the value of the specific inventory is which the reclaiming sellers asserts an interest exceeds the amount of the floating lien in the debtor's inventory." *In re Dana Corp.*, 367 B.R. 409, 419 (Bankr. S.D.N.Y. 2007) (quoting *In re Pittsburgh-Canfield Corp.*, 309 B.R. 277, 287 (6th Cir. B.A.P. 2004)); see also *In re Primary Health Sys., Inc.*, 258 B.R. 111, 117 (Bankr. D. Del. 2001) ("[U]nder state law, reclaiming seller would not have been able to reclaim its goods if the goods were not worth more than the value of the floating lien because the holder of the first lien could have asserted its rights and been entitled to all of the inventory."). In short, "if the value of any given reclaiming supplier's goods does not exceed the amount of debt secured by the prior lien, that reclamation claim is valueless." *In re Dana Corp.*, 367 B.R. at 419. Here, because Pinnacle's secured claims are greatly undersecured, there is no remaining value for reclamation claims such as Creative Bakery's.

Pinnacle's rights vis-à-vis reclamation creditors such as Creative Bakery are also set forth under the Uniform Commercial Code as enacted by South Carolina, S.C. Code Ann. § 36-1-101, *et seq.* (the "UCC").[3] Under S.C. Code Ann. §§ 36-9-308(a) and 36-9-310(a), a security interest in the Collateral such as the inventory and goods the Debtor granted Pinnacle is perfected by the filing of a financing statement. Under S.C. Code Ann. § 36-9-322(a)(1) and (2), priority in perfected security interests is governed by time of filing, and a perfected security interest has

---

[3] Because the Debtor is a "registered organization" organized under South Carolina law, the Debtor is deemed to be located in South Carolina, and therefore the law of South Carolina governs regarding priority of interests in the Debtor's property. See S.C. Code Ann. §§ 36-9-102(a)(71), 36-9-301(1), and 36-9-307(e).

priority over any unperfected interest. Pinnacle filed its final UCC financing statement against the Debtor on March 15, 2019, and thus it is uncontroverted that Pinnacle's security interest in its Collateral—including the Debtor's inventory and goods—has been perfected since at least that time, well before any reclamation claim of Creative Bakery arose. As a floating lien, Pinnacle's security interested extended to after-acquired collateral upon the Debtor acquiring rights in the after-acquired collateral. See S.C. Code Ann. § 36-9-203.[4]

It is also clear that the UCC reclamation rights of any seller of goods to the Debtor during the period in which the Debtor was insolvent are subject to and subordinate to Pinnacle's prior, perfected security interest in the Collateral. S.C. Code Ann. § 36-2-702, which provides the UCC basis for reclamation claims, provides—in relevant part—as follows:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within ten days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within three months before delivery the ten day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.
>
> (3) ***The seller's right to reclaim under subsection (2) is subject to the rights of a*** buyer in ordinary course or other good faith purchaser or ***lien creditor under this chapter*** (Section 36-2-403). Successful reclamation of goods excludes all other remedies with respect to them.

---

[4] S.C. Code Ann. § 36-9-203, which governs attachment and enforceability of security interests, provides in relevant part:

> (a) A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.
> (b) Except as otherwise provided in subsections (c) through (i), a security interest is enforceable against the debtor and third parties with respect to the collateral only if:
>> (1) value has been given;
>> (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
>> (3) one of the following conditions is met:
>>> (A) the debtor has authenticated a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned; …

(emphasis added). Thus, the UCC makes clear that while a seller may have a reclamation right, that right is subject to the superior rights of a lien creditor. In light of the express provision contained in the UCC, it is clear that by virtue of its floating security interest in the Debtor's inventory and goods, Pinnacle is entitled to priority vis-à-vis any sellers of goods to the Debtor such as Creative Bakery that might assert reclamation claims under S.C. Code Ann. § 36-2-702 and/or 11 U.S.C. § 546(c).

## CONCLUSION

Because Pinnacle has a prior perfected security interest in all of the Debtor's personal property, including all goods that may have been delivered to the Debtor within 45 days prior to the Petition Date, the reclamation rights of any creditor such as Creative Bakery that supplied those goods are subject to Pinnacle's senior security interest. Accordingly, Pinnacle objects to the Notice and the Motion and respectfully submits that the relief sought in each should be denied. Alternatively, to the extent that either is granted/allowed, the order granting such relief should expressly provide that the Goods are subject to Pinnacle's security interest.

Respectfully submitted,

MOORE & VAN ALLEN, PLLC

/s/ Reid E. Dyer
David B. Wheeler (SC DCID No. 4601)
Reid E. Dyer (SC DCID No. 10723)
78 Wentworth Street
Post Office Box 22828
Charleston, SC 29413-2828
(843) 579-7000
davidwheeler@mvalaw.com
reiddyer@mvalaw.com
ATTORNEYS FOR PINNACLE BANK

December 20, 2021
Charleston, SC

CHARLESTON\835986v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                              )
                                                    )   CASE NO. 21-02909-hb
THE MUFFIN MAM, INC.,                               )
                                                    )   Chapter 7
         Debtor.                                    )
                                                    )

## CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief from the automatic stay is sought by Creative Bakery Solutions, LLC, from the automatic stay provided by 11 U.S.C. § 362, I do hereby certify to the best of my knowledge the following:

(1) <u>Nature of Movant's Interest</u>. Pinnacle Bank holds a senior perfected security interest in all the Debtor's personal property, including the cake mixes as to which Movant seeks relief from stay.

(2) <u>Brief Description of Security Agreement, copy attached (if applicable)</u>.
Pinnacle Bank's security agreement is the Credit and Security Agreement dated as of March 15, 2019, a copy of which is attached as Exhibit C.

(3) <u>Description of Property Encumbered by Stay (include serial number, lot and block number, etc.)</u>. Pinnacle Bank holds a senior security interest in all of the Debtor's personal property, including the cake mixes as to which Movant seeks relief from stay.

(4) <u>Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.) include applicable subsection of 11 U.S.C. § 362)</u>. Pinnacle Bank disputes that cause exists to grant Movant relief from the automatic stay in order to reclaim the subject cake mixes because the same is subject to Pinnacle Bank's perfected security interest.

(5) <u>Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable)</u>. *Order Modifying Automatic Stay* entered as Dkt. No. 28 in this case, which granted Pinnacle Bank relief from stay as to all of its collateral.

(6) <u>Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.)</u>: Pinnacle Bank's claims against the Debtor far exceed the value of its collateral (including the subject cake mixes). As such, there is no remaining value in the cake mixes for Movant.
    Fair Market Value:    $4.2 million (est. value of all Pinnacle Bank's collateral)
    Liens (Mortgages):    $13,705,552.36
    Net Equity:    $0.00
    Source/Basis of Value:    Appraisal and A/R (attached)

(7) <u>Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra)</u>. None.

(8) <u>Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable)</u>. Not applicable.

(9)    (a) <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied</u>. Not applicable.

(b) <u>For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movants list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection</u>. No postpetition payment received.

(10) <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion</u>: Not applicable. Loan accelerated prepetition.

| | |
|---|---|
| Date: December 20, 2021 | /s/ Reid E. Dyer<br>David B. Wheeler (SC DCID No. 4601)<br>Reid E. Dyer (SC DCID No. 10723)<br>MOORE & VAN ALLEN, PLLC<br>Post Office Box 22828<br>Charleston, SC 29413-2828<br>(843) 579-7000<br>davidwheeler@mvalaw.com<br>reiddyer@mvalaw.com<br>ATTORNEYS FOR PINNACLE BANK |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 21-02909-hb |
| THE MUFFIN MAM, INC., ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of December, a copy of the OBJECTION TO CREATIVE BAKERY SOLUTIONS, LLC'S (A) NOTICE OF RECLAMATION AND (B) AMENDED MOTION FOR RELEIF FROM THE AUTOMATIC STAY and CERTIFICATION OF FACTS were served via CM/ECF on the parties listed on the following page.

MOORE & VAN ALLEN, PLLC

/s/ Reid E. Dyer
David B. Wheeler (SC DCID No. 4601)
Reid E. Dyer (SC DCID No. 10723)
78 Wentworth Street
Post Office Box 22828
Charleston, SC 29413-2828
(843) 579-7000
davidwheeler@mvalaw.com
reiddyer@mvalaw.com
ATTORNEYS FOR PINNACLE BANK

CHARLESTON\835986v1

John K Fort
trustee863@gmail.com, SC01@ecfcbis.com

Richard R. Gleissner on behalf of Creditor Creative Bakery Solutions, LLC
rick@gleissnerlaw.com, anissa@gleissnerlaw.com

Murray Stokely Holder on behalf of Creditor Garrett & Garrett Warehouses LLC and Garrett Warehousing Co. LLC
sholder@hplplaw.com, cmartin@hplplaw.com

Alan G Jones on behalf of Creditor Lanford Welding & Mechanical, Inc. d/b/a Lanford Industrial Services Company
ajones@elmoregoldsmith.com

William Harrison Penn on behalf of Debtor The Muffin Mam, Inc.
hpenn@mccarthy-lawfirm.com, sstancil@mccarthy-lawfirm.com

Robert A. Pohl on behalf of Creditor Hardman Distribution Corporation
robert@pohlpa.com, hannah@pohlpa.com;pohl.robertr67001@notify.bestcase.com

Donna Faye Shetley on behalf of Creditor Blue Azalea, LLC
dshetley@jshwlaw.com, tjrickman@jshwlaw.com

US Trustee's Office
USTPRegion04.CO.ECF@usdoj.gov

Michael H. Weaver on behalf of Creditor CSC Leasing Company
michael.weaver@rogerstownsend.com